McGREGOR W. SCOTT
United States Attorney
HENRY Z. CARBAJAL III
DAVID L. GAPPA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00027 DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| APRIL MILLS, | DATE: May 18, 2020 TIME: 10:00 a.m. COURT: Hon. Dale A. Drozd |
| Defendant. | |

This case is set for change of plea on May 18, 2020. This Court issued General Orders 611-615, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. The General Orders were entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

1

and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the Status Conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for change of plea on May 18, 2020, with speedy trial time excluded between March 19, 2020 and May 18, 2020.

2. By this stipulation, defendant now moves to continue the plea hearing until June 15, 2020, and to exclude time between the date of this stipulation and June 15, 2020, under 18 U.S.C. §§

3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) and Local Code T4.

      3.     The parties agree and stipulate, and request that the Court find the following:

      a)     The government has represented that the discovery associated with this case currently includes more than 10,000 pages of discovery, including investigative reports and related documents.  This discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)     Counsel for defendant desires additional time in preparation of this case. Defendant Mills and the government are currently finalizing plea negotiations.  In connection with this process, defense counsel requested additional investigative information from the government.  Counsel for the government has addressed defense counsel's request.  However, defense counsel needs additional time, in light of the current circumstances, to counsel her client regarding the proposed plea agreement.  The parties anticipate being able to ultimately resolve the matter and finalize and file the parties' plea agreement for the Court's consideration.  The next earliest convenient date for the parties is June 15, 2020.  Thus, the parties request that the current change of plea hearing being continued and reset to June 15, 2020, at 10:00 a.m..  Thus, the requested continuance will conserve time and resources for the parties and the Court.

      c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)     The government does not object to and joins in the request for continuance.

      e)     In addition to the public health concerns cited by General Orders 611-615 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel has been encouraged to telework and minimize personal contact to the greatest extent possible.

      f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of the date of this stipulation to June 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 9, 2020                          McGREGOR W. SCOTT
                                               United States Attorney


                                               /s/ HENRY Z. CARBAJAL III
                                               HENRY Z. CARBAJAL III
                                               Assistant United States Attorney


Dated:  April 9, 2020                          /s/ CARRIE MCCREARY
                                               CARRIE MCCREARY
                                               Counsel for Defendant
                                               APRIL MILLS

4

**ORDER**

Pursuant to the parties' stipulation and good cause shown, IT IS HEREBY ORDERED that the change-of-plea hearing currently set for May 18, 2020, is hereby continued to June 15, 2020, at 10:00 a.m. in Courtroom 5. The time period of the date of this order to June 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:     **April 9, 2020**

                                                UNITED STATES DISTRICT JUDGE