McGREGOR W. SCOTT
United States Attorney
HENRY Z. CARBAJAL III
DAVID L. GAPPA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APRIL MILLS,<br><br>  Defendant. | CASE NO. 1:18-CR-00027 DAD-BAM<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE; AND ORDER<br><br>DATE: November 23, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on November 23, 2020. This Court issued General Orders 611-618 and 620-621 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings.

Although the General Orders address the district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

1 and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
2 are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
3 justice served by taking such action outweigh the best interest of the public and the defendant in a
4 speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
5 forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
6 served by the granting of such continuance outweigh the best interests of the public and the defendant in
7 a speedy trial." *Id.*

8     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
9 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
10 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
11 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
12 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
13 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
14 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
15 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
16 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17     In light of the societal context created by the foregoing, this Court should consider the following
18 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
19 justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
20 for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
21 continuance must be "specifically limited in time").

## STIPULATION

23     Plaintiff United States of America, by and through its counsel of record, and defendant, by and
24 through defendant's counsel of record, hereby stipulate as follows:

25     1.    By previous order, this matter was set for status conference on November 23, 2020, with
26 speedy trial time excluded between September 21, 2020 and November 23, 2020.

27     2.    By this stipulation, defendant now moves to continue the plea hearing and reset the
28 hearing as a status conference before the magistrate judge on March 24, 2021 at 1:00 p.m., and to

STIPULATION TO RESET CHANGE OF PLEA TO STATUS
CONFERENCE AND TO EXCLUDE TIME

exclude time between the date of this stipulation and March 24, 2021, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) and Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case currently includes more than 10,000 pages of discovery, including investigative reports and related documents. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Defendant and defense counsel desire additional time in preparation of this case. Defendant Mills and the government were unable to finalize a plea agreement. The defendant has requested additional time to review the government's extensive discovery production. Because of the protective order in place restricting the defendant's receipt of personal copies of the discovery and because of the COVID-19 pandemic and the restrictions on meetings at counsel's designated office space, the defendant and defense counsel require additional time to arrange for defendant's review of the government's discovery production in preparation for later proceedings. Defendant has also requested supplemental discovery from the government. A continuance is necessary for production and review of this additional material. The parties request a status conference in March 24, 2021 to afford adequate time for defense counsel to prepare in light of the current pandemic. Thus, the parties request that the current status conference be continued and reset before the assigned magistrate judge on March 24, 2021, at 1:00 p.m. Thus, the requested continuance will conserve time and resources for the parties and the Court.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to and joins in the request for continuance.

e) In addition to the public health concerns cited by General Orders 611-618 and 620-621 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel has been encouraged to telework and minimize

personal contact to the greatest extent possible.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to March 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 18, 2020				McGREGOR W. SCOTT
						United States Attorney

						/s/ HENRY Z. CARBAJAL III
						HENRY Z. CARBAJAL III
						Assistant United States Attorney

Dated: November 18, 2020				/s/ CARRIE MCCREARY
						CARRIE MCCREARY
						Counsel for Defendant
						APRIL MILLS

**ORDER**

IT IS SO ORDERED that the status conference is continued from November 23, 2020, to **March 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

IT IS SO ORDERED.

Dated:   **November 19, 2020**           /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE